UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN OSCAR,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN ADAMS SUPREME JUDICIAL COURT, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 25-11906-BEM<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**MURPHY, J.**

In a case originally brought in state court and subsequently removed to federal court by the Plaintiff, the Court will dismiss the action because federal law permits removal only by a defendant and once final judgment is entered in state court, it cannot be removed.

**I.     BACKGROUND**

Plaintiff Jordan Oscar filed a notice of removal in which he purportedly removes his state court litigation to this federal court.  Dkt. 1.  Plaintiff, proceeding *pro se*, seeks removal "due to unfairness of judgment on the lower court and neglect that have been and is proven by plaintiff from the full court of John Adams in connections of the Superior Court Middlesex Woburn, MA. Dkt. 1-1.  With the notice of removal, Plaintiff filed a motion for leave to proceed *in forma pauperis*.  Dkt. 2.  He subsequently filed a motion to amend to add as a defendant the Department of Industrial Accidents.  Dkt. 4.

According to the unofficial electronic docket of the state courts, which is available to the public through https://www.masscourts.org, and of which the Court may take judicial notice,[1] judgment was entered in favor of defendants on March 16, 2023. *See Oscar v Stone and Skillet, et al.*, No. 2281CV03696 (Middlesex Super. Ct.). In September 2023, the trial court denied Plaintiff's motion for reconsideration. *Id.* On June 3, 2024, Plaintiff sought leave to file a late notice of appeal with respect to the March 16, 2023 judgment and the subsequent denial of his motion for reconsideration. *See Oscar v Stone and Skillet, et al.*, No. 2024-J-0328 (Mass. App. Ct.). On June 11, 2024, a single justice denied the motion and subsequent motion to reconsider. *Id.* On March 18, 2025, the Massachusetts Appeals Court affirmed the single justice's denial of his motion to file a late notice of appeal. *See Oscar v Stone and Skillet, et al.*, No. 2024-P-740 (Mass. App. Ct.). On July 15, 2025, and in accordance with the rescript opinion that was entered on June 27, 2025, the Supreme Judicial Court affirmed. *See Oscar v Stone and Skillet,* No. SJ-2024-0395 (Mass.).

## II.     DISCUSSION

Even construing Plaintiff's pleadings generously because he is proceeding *pro se*, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004), the Court must dismiss this action because this Court does not have jurisdiction over this improperly removed action.

"'Federal courts are courts of limited jurisdiction.' Thus, jurisdictional boundaries must be scrupulously observed." *Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 30 (1st Cir. 2020) (quoting *Rhode Island v. EPA*, 378 F.3d 19, 22 (1st Cir. 2004)). The Court may consider jurisdictional matters *sua sponte*. *See Riley v. Bondi*, 606 U.S. —, 145 S.Ct. 2190, 2201 (2025)

---

[1] *See Wiener v. MIB Group, Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

("A federal court must always satisfy itself that it has jurisdiction."); *see also Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte"). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case." Fed. R. Civ. P. 12(h)(3). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

> Pursuant to 28 U.S.C. § 1441, which governs removals:
>
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing *the place where such action is pending*.

28 U.S.C. § 1441(a) (emphasis added). Under the plain language of the statute, only "the defendant or defendants," not a plaintiff, may remove a "pending" case to federal court. *Id.*

Federal courts at all levels have uniformly implemented this principle, from the United States Supreme Court, *see Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) ("Section 1441(a), the general removal statute, permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court"), to the First Circuit Court of Appeals, *see Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) ("Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them"), to this District.

In addition, when a state court has entered final judgment in an action, that case cannot be removed to federal court. *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir.1988) (holding that granting permission to remove a case after entry of a final state-court judgment "would be a perversion of the removal process"); *Magerick LLC v Piccone*,

3

No. 24-12504-PBS, 2025 WL 254465 (D. Mass. Jan. 21, 2025) (rejecting a *pro se* party's attempt to remove closed state action).  Plaintiff may not seek the removal of a state court action in which a final judgment has been entered.

Finally, to the extent that Plaintiff challenges the final outcome of any of his state court proceedings, his claims are barred under the *Rooker-Feldman* doctrine.[2]  That doctrine deprives lower federal courts of jurisdiction over cases brought by non-prevailing parties "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Efreom v. McKee*, 46 F.4th 9, 17 (1st Cir. 2022) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Rather, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."  *Davison v. Gov't of P.R.–P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); *see also* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari.").

The Court does not have authority to grant Plaintiff relief from a state court action that has been terminated.  To the extent Plaintiff is asking this Court to review or reject the holdings of his previous state court proceedings that he alleges have caused him injury, such claims are barred by the *Rooker-Feldman* doctrine and are dismissed.

---

[2] The doctrine was created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

## III.  CONCLUSION

Accordingly, this action is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.  The clerk shall terminate the pending motions as moot and enter a separate order of dismissal.

**So Ordered.**

Dated:  December 18, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court